STATE OF TENNESSEE ex rel. OLLIE F. WRIGHT et al.

*v.*

CITY OF OAK HILL, TENNESSEE, et al.

(*Nashville,* December Term, 1958.)

Opinion filed January 23, 1959.
Petition of rehearing denied March 12, 1959.

ANDREW D. TANNER, TOM ED MURRAY, H. FRANCIS STEWART and DENNEY & LEFTWICH, Nashville, for appellants.

MACLIN P. DAVIS, JR., WALLER, DAVIS & LANSDEN, Nashville, for appellees.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The complainants below, appellees here, Mrs. Ollie F. Wright and J. E. Adams, filed their bill for *mandamus*

against the City of Oak Hill and its City Manager, T. M. Crawford, seeking to have defendants issue certificates of compliance in order that complainants might proceed with building residences on their respective lots. An answer was filed by defendants and the suit was tried on th pleadings, stipulation of facts and exhibits, and the Chancellor ordered an issuance of a writ of *mandamus*, and this appeal resulted.

The Zoning Board of Oak Hill denied the application of the complainants, Wright and Adams, for permits required by city ordinance for the erection of a one family residence upon each of Lots Nos. 3 and 11, owned by them respectively, and located within the limits of Oak Hill.

The question for determination by the Court is whether or not the City of Oak Hill had any lawful reason for withholding such permit.

The Davidson County Planning Commission approved Forest Acres Subdivision in 1947, more than five years before the City of Oak Hill was incorporated.

We are of the opinion that the City Manager and Board of Zoning Appeals have no authority or power except that vested in them by city ordinance or other law, and it appears that the city has no ordinance on the subject.

Neither the City Manager nor the Board of Zoning Appeals is vested with the power or authority to inquire into the facts found nor to require of complainants information and approvals not provided for by law, before issuing the permits.

■ Zoning laws are in derogation of the common law, and operate to deprive an owner of a use of land which might otherwise be lawful. So, in application, such laws should be strictly construed in favor of the property owner. *Red Acres Improvement Club v. Burkhalter,* 193 Tenn. 79, 241 S.W.2d 921.

"* * * the powers of a municipal corporation can only be exercised by the governing, legislative body of such corporation, or * * * by other agents of such corporation, in pursuance of authority given from such governing body, in the form of an ordinance, or legislative enactment of such body, "or in pursuance of power granted or conferred in the charter of the Legislature * * *." *Mayor, etc., of City of Nashville v. Toney,* 78 Tenn. 643. See also *City of Nashville v. Brown,* 25 Tenn.App. 340, 157 S.W. 2d 612.

■ There seems to be no valid reason why the permits in this case were withheld. The fact that the building of a house on land within a city might become a nuisance in the future is not a lawful reason for refusal to issue a building permit. *State v. Newton,* 3 Tenn.Civ.A.93, 104.

■ The remedy of *mandamus* is well known in the field of zoning law and practice. There are times when administrative officials, taking an erroneous view of the law, or in the arbitrary exercise of their office and duties, refuse to issue permits where obviously the applicant is entitled to one. In such cases, *mandamus* will lie, to compel the relief sought, especially where the administrative official or board act capriciously and without apparent regard for the rights of the applicant. Yokley, Zoning Law and Practice, 2d Ed., Vol. 2, sec. 195, p. 16.

The Chancellor held:

"The Court's attention has not been directed to any ordinance or law which vests the authorities of the City of Oak Hill with the power to determine whether the lots in question can or cannot 'meet the standards or requirements of the Davidson County Health Department: etc. * * *' or to determine 'that the creation of a sewage disposal area on said lots would create or be likely to create a health hazard * * *', and no ordinance or law has been cited which requires lot owners such as complainants, to submit approvals of the various health departments and tests of various kinds before they have a right to receive permits."

It results that we find no error in the decree of the Chancellor and it is affirmed.