**CITY OF OAK HILL et al., Appellants,**

v.

**STATE of Tennessee ex rel. FIRST CHRISTIAN CHURCH, Appellee.**

Supreme Court of Tennessee.

April 2, 1973.

Frank S. King, Jr., Andrew D. Tanner, Nashville, for appellants.

David C. Rutherford, Rutherford, Crockett & Guenther, Tyree B. Harris, Hooker, Keeble, Dodson & Harris, Nashville, for appellee.

OPINION

CHATTIN, Justice.

Appellee, First Christian Church, hereinafter referred to as relator, has since September, 1971, operated an elementary school upon its premises on Franklin Road, within the corporate limits of appellant, City of Oak Hill.

On June 20, 1972, relator filed an application with the proper authorities of the City for a building permit to construct eight additional class rooms and a library upon its property. The application was denied by the City's Board of Zoning Appeals upon the ground relator had only 16.-02 acres of land upon which to construct the buildings.

Relator sought and obtained a writ of mandamus in the circuit court requiring the issuance of the building permit. Appellants perfected an appeal to this Court.

The sole question for our determination is whether the trial judge correctly construed Ordinance 61–3, Section 3, of the City of Oak Hill. In the event the trial judge correctly construed the ordinance then his granting the petition for the writ of mandamus was proper; otherwise, it was not.

Ordinance 61–3, Section 3, provides:

"No private school shall be issued a permit to operate or be permitted to operate unless

"(a) the site on which the school is located contains a minimum of four (4) acres of usable land for any combination of grades one through eight, and eight (8) acres of any combination of grades seven through twelve, and ten (10) acres for any twelve grades school. In addition to these basic requirements, there shall be two (2) acres for each fifty (50) pupils of anticipated enrollment."

The facts are stipulated. Since September, 1971, the relator has operated an elementary school for children in grades one through eight. Desiring to increase the student enrollment from two hundred students to four hundred students, the relator filed an application for a building permit so that it could lawfully construct facilities sufficient to accommodate four hundred students upon its 16.02 acres of land. As stated above, the application was denied.

The City insists Ordinance 61–3, Section 3, requires that any private school operating grades one through eight must have at least four acres of land for initial operation, plus a minimum of two acres for each fifty students. Thus, under this interpretation before a private elementary school with fifty students could begin operation it would be required to have at least six acres of land; that is, four acres to meet the first requirement, plus two additional acres to meet the second requirement.

Therefore, the City insists for the relator to operate its school it needs twenty acres; four acres because it is operating an elementary school serving grades one through eight, and sixteen additional acres because of anticipated enrollment of four hundred students. Because 16.02 acres of land did not meet the required acreage as determined by the Board of Zoning Appeals in its interpretation of Ordinance 61–3, Section 3, the application of the relator was denied.

The trial judge construed the ordinance as requiring only sixteen acres for the operation of a private elementary school serving grades one through eight with an enrollment of four hundred students and ordered the building permit granted. We agree with this construction.

"Zoning laws are in derogation of the common law, and operate to deprive an owner of a use of land which might otherwise be lawful. So, in application, such laws should be strictly construed in favor of the property owner." State v. City of Oak Hill, 204 Tenn. 353, 321 S. W.2d 557 (1959).

The logical and reasonable construction of the Ordinance is that it creates two separate, distinct and noncumulative requirements of acreage. Under this construction, four acres would be necessary to begin operations if a school had an enrollment of one hundred students; whereas, a school would need sixteen acres if four hundred students were enrolled. Such a construction prevents what the Ordinance appears designed to prevent; that is, it prevents a private school from operating with less than four acres of land if the school has less than one hundred students. In addition, it requires the addition of acreage to the initial minimum requirement of four acres if enrollment exceeds one hundred students.

As the trial judge held, simply because the Ordinance provides two different acreage requirements, this does not mean that they must be given cumulative effect. In fact, as the relator argues, if the Ordinance had intended to reach the results contended by the appellants it would have

provided that a private school operating grades one through eight or any combination thereof shall be required to have a minimum of six acres for the first fifty pupils of anticipated enrollment and two acres for each additional fifty pupils of anticipated enrollment.

The judgment of the trial court is affirmed with costs.

DYER, C. J., HUMPHREYS and Mc-CANLESS, JJ., and WILSON, Special Justice, concur.