**STATE of Tennessee ex rel. G. E. POTEAT, Appellant,**

v.

**Joe BOWMAN, Building Commissioner and Regional Planning Commission of Williamson County, Appellees.**

Supreme Court of Tennessee.

Feb. 20, 1973.

Tyler Berry, III, Berry & Berry, Franklin, E. C. Yokley, Nashville, for appellant.

Henry Denmark Bell, Franklin, for appellees.

## OPINION

JOHN W. WILSON, Special Justice.

The appellant hereinafter will be referred to as plaintiff and the appellees referred to as defendant or defendants.

The cause was heard in the Chancery Court of Williamson County, Chancellor Brooks McLemore sitting by designation of the Supreme Court upon a complaint as amended for a writ of mandamus against the Building Commissioner, namely, Joe Bowman, seeking to have the Building Commissioner issue a building permit on an approved site plan, under the Planned Shopping Center ordinance of Williamson County, Tennessee, and a writ of supersedeas to the Regional Planning Commission of Williamson County, Tennessee. The complaint also sought damages from the defendant Joe Bowman for arbitrarily withholding the building permit.

The complaint was filed on the 27th day of March, 1972, and on the same day a writ of supersedeas was issued to the Regional Planning Commission, as prayed in the complaint, and an alternative writ of mandamus

issued upon the fiat of Honorable John H. Henderson, requiring the defendant Joe Bowman to issue building permit for the shopping center as applied for under the application for building permit, or show cause why he had not done so.

The complaint, in substance, averred that on March 14, 1972, plaintiff appearing before the Regional Planning Commission for Williamson County, Tennessee, had approved a site plan under the Planned Shopping Center district, which zoning is that carried by property of plaintiff, which property is described by metes and bounds. The approval was given, subject to two conditions: (1) that evidence in writing be given that the City of Franklin had agreed to furnish sewer services to the property, the sewer line to be constructed by the owner of the property, and (2) that construction of the project be undertaken not later than April 10, 1972, at midnight, that being the end of the second year extension period. The foregoing recital is from excerpts of the minutes of the Regional Planning Commission, March 14, 1972, offered as exhibit 1 to the bill.

That on March 22, 1972, plaintiff made application for a building permit, attaching thereto certified copy of minutes of the Board of Mayor and Aldermen of Franklin, stating that condition (1) above had been met; that plaintiff stood ready and able to comply with condition (2), except that on Monday, March 27, 1972, plaintiff was informed that his application for a permit was denied, attached thereto being letter of H. D. Bell, County Attorney, the letter being attached to the complaint as an exhibit, and which the plaintiff assumed was the reason for the denial of the permit.

Further, plaintiff averred that his property was zoned "Planned Shopping Center" on April 10, 1967, by the Quarterly County Court (collective Exhibit 5), and that he had complied with the Planned Shopping Center district ordinance of Williamson County, and that the defendant Joe Bowman arbitrarily withheld the building permit, supposedly on purely legal and judicial questions, which was neither his authority or office to do. That Section 6 of the Zoning Ordinance of Williamson County, Tennessee, states that in such cases appeal to the Zoning Commission shall be made, that such an appeal to the Board of Zoning Appeals would be useless and unavailing as the reasons for denial of the permit are purely legal, and that the Board should be by-passed and the Court should take jurisdiction. Further, it is averred by plaintiff that he does not admit that April 10, 1972 is the deadline by which commencement of the work must begin, but he is informed that it is the deadline by the defendant Regional Planning Commission, and that, while having the legal and necessary approval of Regional Planning Commission, he is being arbitrarily denied a permit, plaintiff averring, in fact, that his extension of two years relates from January 7, 1971 and ends January 7, 1973 (plaintiff referring to exhibit 6, minutes of Planning Commission).

On April 15, 1972, a motion to dismiss the complaint for mandamus and supersedeas was filed in the following language:

"The defendants move to dismiss the Complaint for Mandamus and Supersedeas upon the following grounds:

(1) The Complaint shows on its face that plaintiff has not exhausted his administrative remedies by appealing to the Williamson County Board of Zoning Appeals as provided in TCA 13–408 and 409 and Section 6 of the Williamson County Zoning Ordinance.

(2) Mandamus will not lie because the plaintiff fails to show a clear right to the permit which the defendant Building Commissioner declined to issue, it appearing affirmatively from the Complaint and Exhibit III thereto that plaintiff's right to a permit is legally doubtful.

(3) Mandamus will not lie because the issuance or denial of the permit in this case involved a quasi-judicial determination and was not a ministerial act.

(4) The plaintiff fails to state a claim upon which relief can be granted because the complaint does not act out nor make appropriate reference to the enactments of the Tennessee General Assembly and the Quarterly County Court of Williamson County under the provisions of which plaintiff claims to be entitled to a building permit, nor does the complaint set out or make appropriate reference to such enactments under which plaintiff claims that the defendant Building Commissioner is under a duty to issue such permit.

Defendant Joe Bowman, Building Commissioner, moves separately for dismissal of so much and such parts of the complaint as seek to recover a judgment against said defendant for damages upon the ground that damages are not recoverable by the relator in a mandamus action and upon the further ground that the complaint fails to allege bad faith on the part of said defendant and, in fact, alleges facts which demonstrate that defendant Building Commissioner acted in good faith after due consideration and in accordance with advice from the County Attorney."

On April 15, 1972, the plaintiff was allowed to amend so as to allege he is entitled to a building permit because he is in compliance with Ordinance No. —— of the Williamson County Court, adopted on the 10th day of October, 1966; that he is in compliance with County zoning regulations as contained in T.C.A. § 13–401 et seq., and that the plans submitted to the Building Commissioner fully conformed to all zoning regulations then in effect as contained in T.C.A. § 13–410.

On June 6, 1972 the trial court heard argument on the motion to dismiss and sustained the motion to dismiss insofar as it sought to collect damages against the defendant Joe Bowman, Building Commissioner. Judgment on the motion to dismiss was otherwise reserved.

On June 27, 1972, the trial judge filed a memorandum in the cause and on July 15, 1972 entered an order dismissing the petition.

We here insert the material parts of the findings of the trial court:

"Mandamus issues only where there is a clear and specific legal right in plaintiff, a corresponding ministerial duty in defendant, which he refuses to perform, *and a want of any other adequate and specific remedy*. This rule is general throughout the country and cases from nearly every state could be cited. Tennessee adheres to the rule that administrative remedies must be exhausted before resorting to the Courts. Tenn. Enamel Mfg. Co. v. Hake, 183 Tenn. 615 [194 S.W.2d 468]; State ex rel. Jones v. City of Nashville, 198 Tenn. 280 [279 S.W.2d 267].

In this case, petitioner asserts he is entitled to a permit under a valid ordinance and files exhibits in support of his assertion. The petition asserts that the defendant has denied the permit '. . . supposedly on purely legal and judicial questions, which is neither his authority nor office to do.'

The petition further asserts that the Board of Zoning Appeals has been bypassed because an appeal to that Board '. . . would be useless and unavailing in that the matters brought forth as the reason for denial are purely legal, which . . . Board of Zoning Appeals has no authority under the laws of the State of Tennessee to determine . . .'

The amendment to the petition refers to T.C.A. 13–401 et seq. as being applicable. The administrative remedy from actions of the Building Commissioner is provided in two of these sections:

13–408. Persons taking appeals.—Appeals to the board of appeals may be taken by any person aggrieved, or by any officer, department or board of the

county affected, by any grant or withholding of a building permit or by any other decision of a building commissioner or other administrative official based in whole or in part upon the provisions of any ordinance under this chapter.

13–409. Powers of board of appeals.—The board of appeals shall have the following powers:

1. To hear and decide appeals where it is alleged by the appellant that there is error in any order, requirement, decision or refusal made by the county building commissioner or any other administrative official in the carrying out or enforcement of any ordinance enacted pursuant to this chapter . .

The Court is of the opinion that the appeal provided in T.C.A. 13–408 is an appeal *de novo*. The Board is not limited by any findings or opinions of the Building Commissioner. The Court is of the further opinion that there is a distinction between the case where the petitioner has been denied a permit because of an ordinance that petitioner insists is invalid because it infringes upon some constitutional right or because the ordinance was not properly adopted and therefore does not legally exist. In such cases it has been held that the writ of mandamus is proper to decide the constitutional question without the exhaustion of the administrative remedy provided, it being stated that the administrative agency did not have the authority to pass on the constitutional question. In this case the petitioner is relying upon the validity of the ordinance or resolution and wishes to receive benefits under the very ordinance or resolution which provides administrative machinery which he states would be useless and unavailing. The appeal being *de novo*, the Board of Appeals may substitute its judgment for that of the Building Commissioner. The Board may disagree entirely with him. The Board may see no impediments whatsoever and may grant the permit if they think it proper. Under such circumstances, it cannot be said that the remedy to review the action of the Building Commissioner was inadequate. To so hold, it would be necessary to assume, without any basis therefor, that the Board of Zoning Appeals would not do its duty. The presumption is to the contrary.

It follows therefore, that the motion to dismiss the Complaint for a writ of mandamus should be sustained on the ground that the petitioner has not exhausted his administrative remedies.

With reference to the prayer for supersedeas against the Planning Commission, the Complaint does not state facts that indicate a clear right to any action against the Regional Planning Commission. (Indeed this aspect of the case was not mentioned in oral argument nor in the briefs)."

 It must be remembered that the cause is before this Court upon appeal from the trial court's dismissal of the complaint. All we have before the Court is the complaint with the exhibits and lengthy briefs from the parties. We cannot become a fact-finding body and determine such things as to whether the plaintiff is trying to use, as is asserted by the defendant in the brief, the writ of mandamus to avoid his administrative remedies, nor can we determine as a fact, whether the plaintiff's two-year extension relates from January 7, 1971, so as to extend his time to 1973, instead of 1972, as is asserted in the complaint by the plaintiff. The only question presented is whether the plaintiff is permitted to use the writ of mandamus before exhausting his administrative remedies.

In the cases of Tennessee Enamel Mfg. Co. v. Hake (1946), 183 Tenn. 615, 194 S.W. 2d 468, and State ex rel. Jones v. City of Nashville (1955), 198 Tenn. 280, 279 S.W.2d 267, this Court ruled that the administrative

remedies had to be exhausted before resorting to the writ of mandamus.

In State ex rel. Wright v. City of Oak Hill (1959), 204 Tenn. 353, 321 S.W.2d 557, and State ex rel. Morris v. City of Nashville (1961), 207 Tenn. 672, 343 S.W. 2d 847, in both of which cases the writ of mandamus was asked for, the administrative remedies had, as a fact, been exhausted.

We are of the opinion that the trial court was correct and the judgment is affirmed. Costs will be assessed against the plaintiff.

DYER, C. J., and CHATTIN, HUMPHREYS and McCANLESS, JJ., concur.