IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 19, 2004 Session

## STATE OF TENNESSEE, EX REL. MOORE & ASSOCIATES, INC. v. LON F. WEST

### Appeal from the Chancery Court for Davidson County
### No. 02-627-III     Ellen Hobbs Lyle, Chancellor

---

### No. M2003-00152-COA-R3-CV - Filed January 26, 2005

---

This case involves judicial review of a zoning administrator's refusal to issue a certificate of compliance with all zoning laws to a newly-constructed hotel. We reverse the trial court's denial of the local government's motion to dismiss because such review is appropriate under the common law writ of certiorari, not a direct action for declaratory judgment, and the hotel owners failed to meet the exhaustion requirements prerequisite to certiorari review.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM B. CAIN and FRANK G. CLEMENT, JR., JJ., joined.

William B. Herbert, IV, Nashville, Tennessee, for the appellant, Lon F. West, Zoning Administrator of the Department of Codes Administration of the Metropolitan Government of Nashville and Davidson County, Tennessee.

Eugene N. Bulso, Jr., Joseph G. DeGaetano, Nashville, Tennessee, for the appellee, Moore & Associates, Inc.

### OPINION

Moore and Associates, Inc. designed and built a hotel, the Hilton Garden Inn, in Nashville. This appeal and several other lawsuits resulted from disputes between Moore & Associates and the Metropolitan Government of Nashville and Davidson County ("Metropolitan Government") over the hotel's compliance with zoning requirements.

The zoning applicable to the property where the hotel is located requires that a "category B" landscape buffer be installed between the hotel property and the adjoining property to the south. Moore & Associates encountered difficulties in installing the buffer as required by the zoning code. Consequently, Moore & Associates sought a variance from the Board of Zoning Appeals, and that request was denied by the Board on July 12, 2001.[1] After the variance denial, Moore & Associates constructed or installed a landscape buffer. The lawsuit now on appeal before us involves the question of whether the buffer as actually constructed complies with the applicable requirements of the zoning code.

The hotel was substantially completed by the end of August of 2001. On August 31, 2001, the Zoning Administrator issued a temporary use and occupancy permit for the hotel.[2] However, after a final inspection, he refused to issue a certificate of compliance certifying that the landscape buffer complied with applicable provisions of the zoning laws.

The refusal to issue a certificate of compliance resulted in additional litigation. On September 12, 2001, the Metropolitan Government filed an action against Moore & Associates in general sessions court for violation of Section 17.24.230 of the Metropolitan Code alleging the installed buffer did not comply with code requirements. Later, in January or February of 2002, the Metropolitan Government dismissed the case.[3]

The instant lawsuit was initiated by Moore & Associates on February 26, 2002. The case was brought as a declaratory judgment action, and Moore & Associates requested that the court (1) declare that the buffer installed by Moore & Associates complied with the provisions of the zoning code applicable to the hotel, (2) order the Zoning Administrator to issue the certificate of

---

[1] Moore & Associates then filed a petition for common law writ of certiorari seeking judicial review of the denial of the variance. The disposition of that petition for certiorari and the Board's denial of the variance are not part of this appeal.

[2] The hotel has continued to operate on the basis of that permit.

[3] Additionally, Metro refused to issue a final use and occupancy permit. (In the appeal before us, Metro takes the position that this refusal was made pursuant to Metropolitan Code Section 16.36.20 because no certificate of compliance was issued. It is not clear that Metro took the same position in the lawsuit Moore & Associates brought to compel issuance of the occupancy permit.) On January 11, 2002, Moore & Associates filed another lawsuit seeking a writ of mandamus requiring the Director of Codes Administration to issue a certificate of occupancy for the hotel. Chancery Court for Davidson County, Part I, denied the writ. On appeal, this court reversed and held that the mandamus should have been issued because (1) the relevant Metro ordinance provided that the department of codes administration "shall issue a certificate of occupancy" upon completion of a building erected in accordance with approved plans and (2) the landscape buffer yard is not a building. *Moore & Associates, Inc. v. Cobb*., No. M2002-00504-COA-R3-CV, 2003 WL 21212679 (Tenn. Ct. App. May 27, 2003) (perm. app. denied Oct. 27, 2003). This court treated the case as one of construction of the ordinance, and nothing in the opinion indicates that any party raised, or the court considered, the issues raised in this appeal regarding the appropriate method to review decisions by zoning administrators or exhaustion of administrative remedies.

compliance, and (3) enjoin the Metropolitan Government from further refusal to comply with the Metropolitan Code with regard to the hotel.

The Metropolitan Government filed a motion to dismiss, largely on the ground that a declaratory judgment action is not available to review a decision of the Zoning Administrator applying the zoning code to a specific fact situation. The trial court denied the motion to dismiss.[4]

The parties filed cross motions for summary judgment. Moore & Associates maintained its buffer complied with applicable provisions of the Metropolitan Code; the Metropolitan Government maintained the buffer did not meet those legal requirements. The trial court granted Moore & Associates's motion and held that the buffer installed by Moore & Associates complied with applicable code provisions.[5]

The Metropolitan Government appealed and, in this appeal, challenges the trial court's denial of its motion to dismiss. Essentially, the Metropolitan Government argues that a party dissatisfied with a government decision cannot bypass administrative remedies, avoid the standard of review courts must apply in reviewing administrative decisions such as zoning compliance, and file a direct action asking a court to make a decision that is given by law, in the first instance, to an administrative official or board. We agree.

## I. THE COMMON LAW WRIT OF CERTIORARI

The primary consequence of a determination that a party must seek judicial review through the common law writ of certiorari procedure is that the trial court must apply a limited standard of review to decisions already made by administrative officials, rather than address the issue *de novo* as the initial decision maker.

Under the limited standard of review in common law of writ of certiorari proceedings, courts review a lower tribunal's decision only to determine whether that decision maker exceeded its jurisdiction, followed an unlawful procedure, acted illegally, arbitrarily, or fraudulently, or acted without material evidence to support its decision. *Petition of Gant*, 937 S.W.2d 842, 844-45 (Tenn. 1996), quoting *McCallen v. City of Memphis*, 786 S.W.2d 633, 638 (Tenn. 1990); *Fallin v. Knox County Bd. of Com'rs*, 656 S.W.2d 338, 342-43 (Tenn. 1983); *Hoover Motor Exp. Co. v. Railroad*

---

[4]After the denial, the Metropolitan Government sought to transfer the case to Circuit Court so that it could be heard with the then-pending writ of certiorari case challenging the Board of Zoning Appeals' decision to deny a variance from the landscape buffer requirement. That motion was also denied.

[5]The trial court's final order demonstrates that the court applied the requirements of the ordinance to the specific facts of the buffer installed by Moore & Associates. The court found that the Metropolitan Government had not demonstrated that the spacing of the plants violated the Code and that the materials included in the yard did not violate the applicable requirements. The court's ruling was that the landscape buffer installed by Moore & Associates, Inc. "complies with the Metropolitan Code."

*& Pub. Util. Comm'n.*, 195 Tenn. 593, 604, 261 S.W.2d 233, 238 (1953); *Lafferty v. City of Winchester*, 46 S.W.3d 752, 758-59 (Tenn. Ct. App. 2001); *Hoover, Inc. v. Metropolitan Bd. of Zoning Appeals,* 955 S.W.2d 52, 54 (Tenn. Ct. App. 1997); *Hemontolor v. Wilson Co. Bd. of Zoning Appeals*, 883 S.W.2d 613, 616 (Tenn. Ct. App. 1994).

Under the certiorari standard, courts may not (1) inquire into the intrinsic correctness of the lower tribunal's decision, *Arnold v. Tennessee Bd. of Paroles*, 956 S.W.2d 478, 480 (Tenn. 1997); *Powell v. Parole Eligibility Rev. Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994); (2) reweigh the evidence, *Watts v. Civil Serv. Bd. for Colum.*, 606 S.W.2d 274, 277 (Tenn. 1980); *Hoover, Inc. v. Metro Bd. of Zoning App.*, 924 S.W.2d 900, 904 (Tenn. Ct. App. 1996); or (3) substitute their judgment for that of the lower tribunal. *421 Corp. v. Metropolitan Gov't of Nashville*, 36 S.W.3d 469, 474 (Tenn. Ct. App. 2000). It bears repeating that common law writ of certiorari is simply not a vehicle which allows the courts to consider the intrinsic correctness of the conclusions of the administrative decision maker. *Powell*, 879 S.W.2d at 873; *Yokley v. State*, 632 S.W.2d 123, 126 (Tenn. Ct. App. 1981).

Further, especially where zoning decisions by local officials are involved, the common law writ of certiorari, being a supervisory writ, somewhat limits the remedies courts employ when there has been error. *421 Corporation*, 36 S.W.3d at 474; *Hoover, Inc.*, 955 S.W.2d at 55. Remand is most commonly used, because courts should give local zoning officials the opportunity to perform their duties appropriately rather than substituting the courts' own judgments for those of the zoning officials. *421 Corporation*, 36 S.W.3d at 475; *Hoover, Inc.*, 955 S.W.2d at 55.

## II. REVIEW OF LOCAL ZONING DECISIONS

In fact, one principle that infuses the approach of Tennessee courts to judicial review of local land use decisions, whether those decisions are legislative or administrative in nature, is that "the court's primary resolve is to refrain from substituting its judgment for that of the local governmental body." *McCallen*, 786 S.W.2d at 641. There exists a public and judicial policy that favors permitting the community decision-makers closest to the events, who have been given broad powers in the area, to make zoning and land use decisions. Consequently, courts give wide latitude to local officials who are responsible for implementing zoning ordinances, are hesitant to interfere with zoning decisions, and will refrain from substituting their judgments for that of the local governmental officials. *Lafferty*, 46 S.W.3d at 758; *Hoover, Inc.*, 955 S.W.2d at 54; *Whittemore v. Brentwood Planning Comm'n.*, 835 S.W.2d 11, 15 (Tenn. Ct. App. 1992)

The distinction between the avenues for access to the courts to review local land use decisions was explained by the Tennessee Supreme Court in 1983 in *Fallin v. Knox County Bd. of Com'rs*, *supra*, wherein the Court established the rules to be applied:

> It is our opinion that an action for declaratory judgment, as provided by T.C.A. §§ 29-14-101 – 29-14-113, rather than a petition for certiorari is the proper remedy to be employed by one who seeks to invalidate an ordinance, resolution or other

legislative action of county, city or other municipal legislative authority enacting or amending zoning legislation.

* * *

We wish to point out, however, that the remedy of certiorari provided by T.C.A. §§ 27-8-101, 27-9-101--27-9-113 will continue to be the proper remedy for one who seeks to overturn the determination by Board of Zoning Appeals as provided by T.C.A. § 13-7-106 *et seq*. and T.C.A. § 13-7-205 *et seq*. This distinction in remedies is made because the determinations made by a Board of Zoning Appeals are administrative determinations, judicial or quasi-judicial in nature, and are accompanied by a record of the evidence produced and the proceedings had in a particular case, whereas, the enactment of ordinances or resolutions, creating or amending zoning regulations, is a legislative, rather than an administrative, action and is not ordinarily accompanied by a record of the evidence, as is the case of an administrative hearing.

*Fallin*, 656 S.W.2d at 342-43.

Thus, where the action being challenged is administrative or quasi-judicial in nature, rather than legislative in nature, the appropriate method for obtaining judicial review of that action is by common law writ of certiorari. Tenn. Code Ann. § 27-8-101 (providing that the writ may be granted where an inferior tribunal, board, or officer exercises judicial functions); *McCallen v. City of Memphis*, 786 S.W.2d 633, 640 (Tenn. 1990). The test for determining whether the governmental action is legislative or administrative is whether it "makes new law or executes one already in existence." *Id*. at 639. The decision of whether to grant a building permit, for example, is an administrative act, even if made by a legislative body. *Id*. The terms "quasi-judicial" and "administrative" are interchangeable in this context. *Id*. at 638; *Weaver v. Knox County Bd. of Zoning Appeals*, 122 S.W.3d 781, 784 (Tenn. Ct. App. 2003).

The distinction made by the Court in *Fallin*, and consistently followed since then, emanates from the two types of acts encompassed in the grant to local governments of authority to regulate land use. The Tennessee General Assembly has delegated to local governments, with some limitations, the authority to regulate use of private property through zoning ordinances. *Lafferty*, 46 S.W.3d at 757-58; *see also Draper v. Haynes*, 567 S.W.2d 462, 465 (Tenn. 1978). The powers to enact and amend zoning regulations governing the use of land that are delegated to local legislative bodies are broad. *Fallin*, 656 S.W.2d at 342.

The General Assembly has also delegated to local officials the authority to apply and enforce zoning ordinances. *See e.g.*, Tenn. Code Ann. §§ 13-7-110 (providing for county building commissioner and for the enforcement of zoning regulations through the withholding of building permits); § 13-7-109 (establishing the powers of county boards of zoning appeals); and § 13-7-111 (describing modes of enforcement and penalties for violation). Decisions by local zoning boards and

officials involve the exercise of the local government's police power to protect the health, safety, and welfare of their citizens. *Hoover, Inc.*, 955 S.W.2d at 54.

Courts have consistently held that the proper vehicle by which to seek judicial review of decisions of the local Board of Zoning Appeals is the common law writ of certiorari. *City of Brentwood v. Metropolitan Bd. of Zoning Appeals*, 149 S.W.3d 49, 57 (Tenn. Ct. App. 2004); *Weaver*, 122 S.W.3d at 784; *Lafferty*, 46 S.W.3d at 758; *421 Corporation*, 36 S.W.3d at 474; *Hoover, Inc.*, 955 S.W.2d at 54. Decisions of those boards are administrative or quasi-judicial decisions that involve applying the facts of the situation before the board to the applicable ordinance or requirement, *i.e.*, enforcing, applying, or executing a law already in existence. *Weaver*, 122 S.W.3d at 784; *Wilson County Youth Emergency Shelter, Inc. v. Wilson County*, 13 S.W.3d 338, 342 (Tenn. Ct. App. 1999).

Deciding whether a particular situation meets the requirements of a zoning ordinance is an administrative function. *McCallen*, 786 S.W.2d at 640, citing *Mullins v. City of Knoxville*, 665 S.W.2d 393, 396 (Tenn. Ct. App. 1983); *Hutcherson v. Lauderdale County Bd. of Zoning Appeals*, 121 S.W.3d 372, 376 (Tenn. Ct. App. 2003). "The meaning of a zoning ordinance and its application to a particular circumstance are, in the first instance, questions for the local officials to decide." *Whittemore*, 835 S.W.2d at 16; *see also 421 Corporation*, 36 S.W.3d at 474-75.

A decision to issue or not to issue a building permit is an administrative decision, whether made by an official or a board. *Thompson v. Metropolitan Government of Nashville and Davidson County*, 20 S.W.3d 654, 659 (Tenn. Ct. App. 1999); *Harrell v. Hamblen County Quarterly Court*, 526 S.W.2d 505, 509 (Tenn. Ct. App. 1975). There is no legally cognizable difference in a building permit and a certificate of compliance for purposes of distinguishing an administrative act from a legislative one. Consequently, the appropriate method for review of such a decision is the common law writ of certiorari. *Thompson*, 20 S.W.3d at 659.

Regardless of the labels assigned to the complaint or the language of the requests for relief, the nature of Moore & Associates' claim is clear from its complaint. In that complaint, Moore & Associates alleged that the zoning administrator failed or refused to issue a certificate of compliance even though the developer had installed a Category B landscape buffer that complied with the requirements of the Metro ordinance, giving specifics as to the materials installed, their spacing, and the dimensions and nature of the buffer. The complaint asserted that the zoning administrator "has no authority or discretion to withhold issuance of a certificate of compliance." Moore & Associates complained about the differing reasons given in other court proceedings for the refusal of the certificate.[6] Finally, the complaint asked that the court render a judgment declaring that the landscape buffer Moore & Associates had installed complied with the requirements of the Metropolitan Code applicable to the hotel.

---

[6]Of course, Moore & Associates could have required the administrator and the Board of Zoning Appeals to give a definitive reason had it appealed to the Board.

It is clear that Moore & Associates disagreed with the zoning administrator's decision to refuse to issue the certificate of compliance based on his application of the buffer requirements to the buffer actually installed by Moore & Associates.  This was an administrative decision, subject to review by common law writ of certiorari.

### III. FAILURE TO APPEAL TO THE BOARD OF ZONING APPEALS

In this appeal, Moore & Associates asserts that the common law writ of certiorari was not available to it because it had not appealed the zoning administrator's refusal to issue a certificate of compliance to the Board of Zoning Appeals.  Moore & Associates' action in not appealing to the Board, but rather proceeding directly to court, was apparently the product of a conscious decision, because Moore & Associates asserts, "It makes no difference that Moore & Associates **could have** appealed the defendant's decision to the Board of Zoning Appeals; the simple fact is that Moore & Associates has not been aggrieved by any final order or judgment of any board or commission [referring to the standard in Tenn. Code Ann. § 27-9-101].  Thus, Moore & Associates is not able to seek a writ of certiorari, and is entitled to declaratory relief. "

Essentially, Moore & Associates argues that  a party can avoid the limited standard of review applicable to common law writ of certiorari by simply choosing not to pursue the administrative remedy available to it.  We disagree.

Appeals of an administrator's determination to the local Board of Zoning Appeals are authorized by Tenn. Code Ann. § 13-7-207(1), which gives such boards the power to:

> Hear and decide appeals where it is alleged by the appellant that there is error in any order, requirements, permit, decision, or refusal made by the municipal building commissioner or any other administrative official in the carrying out or enforcement of any provision of any ordinance enacted pursuant to this part and part 3 of this chapter;

Moore & Associates argues that it was not required, under the doctrine of exhaustion of administrative remedies, to appeal to the Board of Zoning Appeals because the statute does not explicitly provide for an exclusive administrative remedy.  *See Thomas v. State Bd. of Equalization*, 940 S.W.2d 563, 566 (Tenn. 1997); *Bracey v. Woods*, 571 S.W.2d 828, 829 (Tenn. 1978).  When not mandated by statute, the question of whether to require a party to exhaust available administrative remedies is a matter of judicial discretion.  *Thomas*, 940 S.W.2d at 566 n.5;  *Reeves v. Olsen*, 691 S.W.2d 527, 530 (Tenn. 1985).  That discretion is not unlimited, however, and must be exercised in conformance with certain principles.  An important consideration in the exercise of that discretion is whether judicial review at the point requested would prematurely interrupt the administrative process.  *Reeves*, 691 S.W.2d at 530.  Additionally, the purposes behind the doctrine of exhaustion of administrative remedies must be considered:

The exhaustion doctrine serves to prevent premature interference with agency processes, so that the agency may (1) function efficiently and have an opportunity to correct its own errors; (2) afford the parties and the courts the benefit of its experience and expertise without the threat of litigious interruption; and (3) compile a record which is adequate for judicial review. In addition, an agency has an interest in discouraging frequent and deliberate flouting of the administrative process.

*Thomas*, 940 S.W.2d at 566.

The question of whether appeal of an administrator's decision to the Board of Zoning Appeals is a pre-requisite for court review has been discussed in a number of cases. In *Poteat v. Bowman*, 491 S.W.2d 77 (Tenn. 1973), the building commissioner denied a building permit, and the unsuccessful applicant sued seeking a writ of mandamus to compel issuance. The applicant argued that appeal to the board would be useless and unavailing since the denial of the permit was based on purely legal grounds. The Tennessee Supreme Court affirmed the trial court's dismissal for failure to exhaust administrative remedies, stating:

The Board is not limited by any findings or opinions of the Building Commissioner. The Court is of the further opinion that there is a distinction between the case where the petitioner has been denied a permit because of an ordinance that petitioner insists is invalid because it infringes upon some constitutional right or because the ordinance was not properly adopted and therefore does not legally exist. In such cases it has been held that the writ of mandamus is proper to decide the constitutional question without the exhaustion of the administrative remedy provided, it being stated that the administrative agency did not have the authority to pass on the constitutional question. In this case the petitioner is relying upon the validity of the ordinance or resolution and wishes to receive benefits under the very ordinance or resolution which provides administrative machinery which he states would be useless and unavailing. The appeal being De novo, the Board of Appeals may substitute its judgment for that of the Building Commissioner. The Board may disagree entirely with him. The Board may see no impediments whatsoever and may grant the permit if they think it proper. Under such circumstances, it cannot be said that the remedy to review the action of the Building Commissioner was inadequate. To so hold, it would be necessary to assume, without any basis therefor, that the Board of Zoning Appeals would not do its duty. The presumption is to the contrary. It follows therefore, that the motion to dismiss the Complaint for a writ of mandamus should be sustained on the ground that the petitioner has not exhausted his administrative remedies.

*Poteat*, 491 S.W.2d at 80.

The Tennessee Supreme Court has most recently repeated the test for determining whether a party challenging a local zoning decision must exhaust its administrative remedies by appealing

to the Board of Zoning Appeals. In *Cherokee Country Club, Inc. v. City of Knoxville*, ___ S.W.3d ___ 2004 WL 2657148 (Tenn. Nov. 22, 2004), the Court held that the issuance of a writ of mandamus was proper even though the landowner had not appealed the denial of a demolition permit to the local Board of Zoning Appeals because the landowner challenged the validity of an ordinance, not the official's discretion in denying the permit. *Id*. at \*12. As set out earlier, Moore & Associates' challenge was to the zoning administrator's denial of the certificate; it did not challenge the validity of the ordinance requiring the buffer or the applicability of that ordinance to its hotel.

Between the *Poteat* and *Cherokee Country Club* decisions, this court has also considered whether a party should have appealed to the Board of Zoning Appeals in a number of cases. In *Robison v. The Metropolitan Government of Nashville and Davidson County*, No. 01-A-019105-CH-00178, 1992 WL 205268 (Tenn. Ct. App. Aug. 26, 1992) (No Tenn. R. App. P. 11 application filed), the landowners brought a declaratory judgment action requesting the court to determine their rights under the relevant state statutes and ordinances after the zoning administrator had provided them his interpretation.

This court affirmed the trial court's dismissal of the complaint because the landowners had failed to exhaust their administrative remedies by appealing the administrator's interpretation to the Board of Zoning Appeals. *Id*. at \*4. We found that both state law and local ordinance gave the board the authority to review the administrator's interpretation and gave the landowners' the right to appeal to the board. Acknowledging that declaratory judgment actions may be used to test the validity of a zoning ordinance, this court concluded that they are not appropriate to review local officials' interpretations of zoning ordinances. The court stated, "These decisions are best left to local officials, and therefore, the courts are reluctant to second-guess local decisions unless they are arbitrary, illegal, or capricious," obviously referring to the standard of review in certiorari cases. *Id*. at \*4, citing *McCallen*, 786 S.W.2d at 641-42. We found that appeals to the board furthered the policy of placing land use decisions in the hands of local officials and that such an appeal would have been effective and efficient in that case.

In *Thompson v. Metropolitan Government of Nashville and Davidson County*, *supra*, the landowner brought an action that included a petition for writ of certiorari, one for mandamus, and a request for declaratory judgment. He had been denied building permits by the zoning administrator and argued that the denial of the permits was arbitrary and capricious. Stating that it was well-settled that the administrative decision whether to grant a building permit was properly reviewable under the common law writ of certiorari, and noting that the action had come to court unaccompanied by an administrative record because the landowner had abandoned his appeal to the Board of Zoning Appeals, we held that because the land owner had failed to exhaust his administrative remedies, he could not bring a common law writ of certiorari action. *Thompson*, 20 S.W.3d at 659. As a result, the landowner could not challenge the administrator's decision as arbitrary and capricious, and

neither the trial court nor this court could review the administrator's decision on those grounds. *Id.* at 660.[7]

In *Coe v. City of Sevierville*, 21 S.W.3d 237 (Tenn. Ct. App. 2000), we held that because the landowner had applied for a permit to demolish and rebuild an advertising sign, even though that application was made after she had initiated litigation, she had attempted to exhaust her administrative remedies. Because the city decided not to act on the permit application, but to hold it in abeyance until the conclusion of the litigation, this court determined that the plaintiff did not "flout" the administrative process, tried to comply with that process by filing an application for a permit, and it was the city administrators who refused to act on the application, thereby precluding the landowner from exhausting administrative remedies or making such remedies unavailable. *Id.* at 242. We also found that the administrator's failure to take action on the permit application was not "an official action" denying the application and, consequently, there was no appealable decision from the administrator that the Board of Zoning Appeals could have reviewed, so the landowner was not required to appeal to the board. *Id.* at 241. It is obvious that this court considered the requirement of exhaustion of administrative remedies applicable, but found that the landowner had attempted to exhaust those remedies available to her. Such is not the case before us.

While these and similar authorities implicitly recognize that exhaustion is not statutorily required in this context, it is generally imposed in the zoning context as a matter of the exercise of judicial discretion. Absent unusual facts, such a result is compelled by the principles established in *Thomas*, the Supreme Court's holding in *Poteat*, and the well-settled authority regarding the courts' deference to the responsibility and authority of local zoning officials. It is clear that Moore & Associates was required to exhaust its administrative remedies by appealing the zoning administrator's decision to the Board of Zoning Appeals. The administrative process had begun by virtue of the request for the certificate of compliance; the Board should have been given the opportunity to apply its experience and expertise to the issue and to correct any errors it found in the administrator's decision; a hearing before the Board would have resulted in a record that the court could review under the common law writ of certiorari procedure; and parties should not be allowed to deprive local zoning officials of the opportunity to perform the responsibilities assigned them by law.

## IV. Declaratory Judgment

Moore & Associates also argues that it was entitled to proceed directly to court under the Declaratory Judgment Act, Tenn. Code Ann. § 29-14-103, which provides that any person whose rights, status or other legal relations are affected by a statute or municipal ordinance "may have

_____

[7]We also held that while a declaratory judgment action was not the proper means for reviewing a zoning administrator's decision for arbitrariness or capriciousness, it could, however, be used to determine the constitutionality of any law. *Id.* at 660. In addition, a court could issue a declaratory judgment on the question of whether the division and sale of certain property constituted a subdivision under state statute, *i.e.*, whether the subdivision statute was applicable. *Id.*

determined any question of construction or validity arising under" the statute or ordinance and "obtain a declaration of rights, status or other legal relations thereunder."

Moore & Associates relies on this court's opinion in *Thompson v. Metropolitan Government,* discussed above, for the proposition that it was not entitled to obtain review by writ of certiorari, stating in its brief that this court in *Thompson* had stated, "[s]ince the [landowner-plaintiff] failed to exhaust his administrative remedies by appealing the decision of the zoning administrator to the Board of Zoning Appeals, he can not now file a petition for a writ of certiorari." *Thompson*, 20 S.W.3d at 659. Moore & Associates further quotes this court as stating that since the landowner had abandoned his appeal to the Board of Zoning Appeals, thereby precluding review by certiorari, "the appropriate avenue by which this matter can be resolved is a declaratory judgment pursuant to section 29-14-103 of the Tennessee Code." *Id*. at 660. However, Moore & Associates fails to include the court's statement as to the consequence of these findings:

> As we have established, a declaratory judgment is not the proper means for reviewing a zoning administrator's decision for arbitrariness or capriciousness. However, the constitutionality of law can be determined by a declaratory action.

*Id*.

A direct action for declaratory judgment is available and appropriate to challenge the validity, including the constitutionality, of an ordinance, or to determine whether an ordinance applies. It is not, however, available to challenge the decision of a local zoning administrator or board in actually applying, enforcing, or executing a zoning ordinance. As discussed above, such a decision is an administrative decision, subject to review by the common law writ of certiorari, after exhaustion of applicable administrative remedies.

A declaratory judgment action is merely a procedural device for asserting various types of substantive claims. *Dehoff v. Attorney General*, 564 S.W.2d 361, 363 (Tenn. 1978) (holding that a declaratory action seeking to have a special referendum election adjudged void amounted to an election contest, and plaintiffs were subject to statute of limitation period applicable to such contests). Regardless of the name given to the original pleading, courts should look to the substance of the action. *Johnson v. Metropolitan Government of Nashville and Davidson County*, 54 S.W.3d 772, 774 (Tenn. Ct. App. 2001) (holding that a complaint for declaratory judgment that requested declarations that employee's employment had not been legally terminated, that he was entitled to permanent employment, etc. should have been treated as a petition for common law writ of certiorari because that was the only mechanism for judicial review of administrative decisions regarding government employment).

Where the relief sought in a declaratory judgment action is the same relief that is available under common law writ of certiorari, the action will be treated as a certiorari action, and the requirements of such an action will be applied. *See Id*. at 774 ( dismissing complaint for declaratory judgment because it was filed well beyond the statute of limitations applicable to common law writ

of certiorari actions to review local government decisions); *Campbell v. Bedford County Regional Planning Commission*, No. M2003-00025-COA-R3-CV, 2004 WL 626724, at \*4-5 (Tenn. Ct. App. March 29, 2004) (no Tenn. R. App. P. 11 application filed) (holding action to review Board of Zoning Appeals, although brought as declaratory judgment action, should have been brought under common law writ of certiorari because the board's decision was administrative, treating the action as certiorari action, and affirming dismissal because plaintiffs failed to seek review of board action within the sixty (60) day statute of limitation applicable to such actions); *Kielbasa v. B&H Rentals, LLC.*, No. 2002-00129-COA-R3-CV, 2003 WL _____ (Tenn. Ct. App. May 22, 2003) (no Tenn. R. App. P. 11 application filed) (holding that a declaratory judgment action that challenged a decision of a Board of Zoning Appeals was governed by the statute of limitations for common law writs of certiorari).

## V. CONCLUSION

We reverse the trial court's denial of the Metropolitan Government's motion to dismiss this action because, regardless of the name of the pleading, Moore & Associates sought judicial review of the zoning administrator's refusal to grant a certificate of compliance. This administrative decision applying the ordinance to specific facts was subject to review under the common law writ of certiorari, not as an original action for declaratory judgment. Because Moore & Associates failed to exhaust their administrative remedies by appealing to the Board of Zoning Appeals, neither this court nor the trial court could treat the action as one for common law writ of certiorari.

The judgment of the trial court declaring that the buffer installed by Moore & Associates complied with the ordinance is vacated. The trial court's denial of the Metropolitan Government's motion to dismiss is reversed and the complaint is dismissed. Costs on appeal are taxed to the appellee, Moore & Associates, Inc.

_____
PATRICIA J. COTTRELL, JUDGE

-12-