IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 8, 2011 Session

## READY MIX, USA, LLC. v. JEFFERSON COUNTY, TENNESSEE

**Appeal from the Chancery Court for Jefferson County**
**No. 99-113**

**No. E2010-00547-COA-R3-CV-FILED-JUNE 9, 2011**

Charles D. Susano, Jr., J., dissenting.

I cannot concur in the majority's decision – as stated by it – "that Ready Mix was required to exhaust the administrative remedies provided by statute and the ordinance by appealing the zoning official's stop work order to the Board of Zoning Appeals." The majority relies heavily upon our decision in *State ex rel. Moore & Associates v. West*, 246 S.W.3d 569 (Tenn. Ct. App. 2005). In *Moore*, the plaintiff alleged

> that the zoning administrator failed or refused to issue a certificate of compliance even though the developer had installed a Category B landscape buffer that complied with the requirements of the Metro ordinance, giving specifics as to the materials installed, their spacing, and the dimensions and nature of the buffer.

*Id*. at 576-77. The *Moore* plaintiff asked the court to declare that the buffer it had established in connection with its newly-constructed hotel "complied with the [buffer] requirements of the . . . Code [of the Metropolitan Government of Nashville and Davidson County]." *Id*. at 577.

The essence of the dispute in *Moore* and the one now before us in this case are as different as night and day. *Moore* clearly involves a situation where the "experience and expertise," *see id*. at 580, of a board of zoning appeals would be important in looking at the buffer requirements and then assessing whether the buffer built by the *Moore* plaintiff is in compliance. That is the job of a board of zoning appeals. But what we are dealing with in the instant case is a pure question of law – whether the doctrine of diminishing assets should by adopted in Tennessee. If it should, then Ready Mix, based upon the past and present use

of its property, is entitled to a finding of a pre-existing and nonconforming use – in other words, a "grandfathered" use under Tenn. Code Ann. § 13-7-208(b)(1) (Supp. 2010) and Article 6.2 of the Jefferson County Zoning Resolution.

The issue before us is more akin to a challenge to the validity of an ordinance – a situation that does not require a prior exhaustion of administrative remedies. *See Cherokee County Club, Inc. v. City of Knoxville*, 152 S.W.3d 466, 479 (Tenn. 2004). Both involve issues of law. By contrast, *Moore* involves a factual determination by a code enforcement individual as to whether the plaintiff's buffer is of the type contemplated by the applicable ordinance. Clearly, the matters in *Moore* implicate the experience and expertise of such an individual as well as the talents of a board of zoning appeals. Since the issue before us – whether Tennessee should adopt the doctrine of diminishing assets – is clearly one of law, it is more appropriately presented to one experienced in the law, such as the trial judge in this case.

This case does not involve a statute or ordinance requiring exhaustion of administrative remedies. In the absence of such an edict, I would hold, under the unique facts before us, that such exhaustion is not necessary or appropriate. There is an important legal issue in this case that is at the heart of the resolution of this dispute. I see no need to require the parties to waste their time dealing with an inquiry that is not important to the ultimate issue before us. What the Supreme Court said in *Cherokee County Club* is pertinent to the facts before us:

> . . . [Cherokee] d[oes] not, however, challenge the Building Official's discretion in denying a demolition permit based on the ordinance. As a result, an administrative appeal to the Building Board of Adjustments and Appeals, which would have been limited to review of the Building Official's discretion, would have afforded no review over the key issues and would have afforded no possible remedy.

I would affirm the trial court's decision. Accordingly, I respectfully dissent.

_____
CHARLES D. SUSANO, JR., JUDGE