IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 7, 2020

## MITCHELL WHITSON ET AL. V. CITY OF LAVERGNE BOARD OF ZONING APPEALS

**Appeal from the Chancery Court for Rutherford County**
**No. 18CV-616      Darrell L. Scarlett, Judge**

_____

### No. M2019-00384-COA-R3-CV

_____

Property owners applied to the City of La Vergne for a building permit to install new doors on their car wash. Their purpose was to convert the car wash to a car lot. The city issued a building permit to the property owners, who proceeded to perform the work necessary to convert the property to a car lot. Months later, the city informed the property owners that they had to obtain planning commission approval of a site plan before they could operate a car lot on the property. The property owners appealed to the board of zoning appeals, which upheld the city's decision. The plaintiffs filed a petition for writ of certiorari in the chancery court, and the court upheld the decision of the board of zoning appeals. We affirm the chancery court's decision.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and RICHARD H. DINKINS, J., joined.

Donald N. Capparella and Kimberly Ann Macdonald, Nashville, Tennessee, for the appellants, Mitchell Whitson and Forrest Jennings.

Laura A. Hight, Nashville, Tennessee, for the appellee, City of La Vergne, Tennessee.

### OPINION

#### FACTUAL AND PROCEDURAL BACKGROUND

Mitchell Whitson and Forrest Jennings ("Plaintiffs") own property in La Vergne where they operated a car wash. In March 2016, Plaintiffs applied to the City of La Vergne ("the City") for a commercial building permit with a listed purpose of "new doors on bays for car lot." The City issued a building permit to Plaintiffs, and they spent

approximately $14,000 to convert the car wash into a car sales lot. The city planning director provided Plaintiffs' tenant with a zoning confirmation letter to facilitate approval by the Tennessee Motor Vehicle Commission for operation of a car lot at that location.

In March 2017, Plaintiffs' tenant began using the property to perform heavy auto repair, and the city codes department notified Plaintiffs of various ordinance violations. The codes department filed a complaint in city court against Plaintiffs alleging that they violated the site plan requirement for operating a car lot and the procedure for authorizing special exceptions for auto repair work. Plaintiffs thereafter evicted the tenant from the property, and the codes department nonsuited its complaint in city court.

Plaintiffs then entered into a lease of the property with a new car lot tenant, but the City informed them that they needed to obtain planning commission approval of a site plan before they could operate a car lot on the property. The City forwarded Plaintiffs an email regarding this requirement that the City purportedly sent Plaintiffs two years earlier. Plaintiffs denied receiving the email previously.

Plaintiffs appealed the City's decision to the board of zoning appeals ("the BZA") and, at a March 27, 2018 hearing, the BZA unanimously upheld the City's decision. Plaintiffs filed a petition for writ of certiorari on April 13, 2018, against the City alleging that the actions of the BZA were "arbitrary, capricious and illegal," had "no legal or factual basis," and were "not supported by substantial evidence." After a final hearing on November 8, 2018, the trial court entered a memorandum and order on November 29, 2018, upholding the ruling of the BZA. On January 31, 2019, the trial court denied Plaintiffs' motion to reconsider, which it treated as a motion to alter or amend.

Plaintiffs have appealed, asserting the following issues for our consideration: (1) whether the trial court abused its discretion in failing to preserve Plaintiffs' vested rights in their use of the property as a car lot; and (2) whether the trial court abused its discretion in failing to equitably estop the City from precluding Plaintiffs' use of their property as a car lot.

STANDARD OF REVIEW

The common law writ of certiorari is the proper vehicle by which to seek judicial review of decisions of a local board of zoning appeals because such an action is administrative or quasi-judicial in nature, involving the application of an existing zoning code to a particular set of facts. *See McCallen v. City of Memphis*, 786 S.W.2d 633, 639-40 (Tenn. 1990); *State ex. rel. Moore & Assocs., Inc. v. West*, 246 S.W.3d 569, 576 (Tenn. Ct. App. 2005); *City of Brentwood v. Metro. Bd. of Zoning Appeals*, 149 S.W.3d 49, 57 (Tenn. Ct. App. 2004). Boards of zoning appeals generally engage in enforcing, applying, or executing laws already in existence. *See Weaver v. Knox Cnty. Bd. of Zoning Appeals,* 122 S.W.3d 781, 784 (Tenn. Ct. App. 2003); *Wilson*

*Cnty. Youth Emergency Shelter, Inc. v. Wilson Cnty.,* 13 S.W.3d 338, 342 (Tenn. Ct. App. 1999).

As this court has stated, "the only issue raised by a writ of common law certiorari is whether the Board exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently." *Hoover, Inc. v. Metro. Bd. of Zoning Appeals*, 924 S.W.2d 900, 904 (Tenn. Ct. App. 1996). Review by a court under the common law writ of certiorari is limited to a determination of whether the municipal agency acted illegally, arbitrarily, fraudulently, or in excess of its jurisdiction. *McCallen*, 786 S.W.2d at 638. The court determines "whether there is any material evidence that supports the action of the administrative agency." *Laidlaw Envtl. Servs. of Nashville, Inc. v. Metro. Bd. of Health for Nashville & Davidson Cnty.*, 934 S.W.2d 40, 49 (Tenn. Ct. App. 1996). Under the common law writ, "courts may not (1) inquire into the intrinsic correctness of the lower tribunal's decision, (2) reweigh the evidence, or (3) substitute their judgment for that of the lower tribunal." *West*, 246 S.W.3d at 574 (citations omitted).

The issue of "[w]hether or not there is any material evidence to support the action of the agency is a question of law to be decided by the reviewing court upon an examination of the evidence introduced before the agency." *Massey v. Shelby Cnty. Ret. Bd.*, 813 S.W.2d 462, 465 (Tenn. Ct. App. 1991) (citing *Hoover Motor Express Co. v. R.R. & Pub. Utils. Comm'n*, 261 S.W.2d 233, 239 (Tenn. 1953)). With respect to conclusions of fact, Judge Ben Cantrell described the proper analysis for a reviewing court: "'The function of the reviewing court is limited to asking whether there was in the record before the fact-finding body *any* evidence of a material or substantial nature from which that body *could* have, *by reasoning from that evidence*, arrived at the conclusion of fact which is being reviewed.'" *Id.* (quoting B. Cantrell, *Review of Administrative Decisions by Writ of Certiorari in Tennessee*, 4 MEM. ST. U. L. REV. 19, 29-30 (1973)). The scope of review of the appellate courts "is no broader or more comprehensive than that of the trial court with respect to evidence presented before the Board." *Watts v. Civil Serv. Bd. for Columbia*, 606 S.W.2d 274, 277 (Tenn. 1980).

ANALYSIS

I.      Vested rights.

Plaintiffs assert that the trial court erred in rejecting their claim that the BZA's decision violated their vested property rights. The trial court determined that the City issued Plaintiffs an invalid permit and that they had no vested rights in operating a car lot.

As a general rule, "'[t]he issuance of a building permit results in a vested right only when the permit was legally obtained, is valid in every respect, and was validly issued.'" *Capps v. Metro. Gov't of Nashville & Davidson Cnty.*, No. M2007-01013-COA-R3-CV, 2008 WL 5427972, at *10 (Tenn. Ct. App. Dec. 31, 2008) (quoting 101A

C.J.S. *Zoning & Land Planning* § 290 (2005)). Thus, as noted by the trial court, our courts have rejected claims of vested rights in cases in which the permit was not validly issued. *See Capps*, 2008 WL 5427972, at *10; *Far Tower Sites, LLC v. Knox Cnty.*, 126 S.W.3d 52, 66 (Tenn. Ct. App. 2003); *Chickering Ventures, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 88-184-II, 1988 WL 133527, at *3 (Tenn. Ct. App. Dec. 16, 1988); *Moore v. Memphis Stone & Gravel Co.*, 339 S.W.2d 29, 35 (Tenn. Ct. App. 1959).

We must determine, then, whether the City properly issued a building permit to Plaintiffs. The answer depends upon the relevant provisions of the City's zoning ordinance ("the Ordinance"). Section 8.030 of the Ordinance addresses building permits and provides, in pertinent part, as follows:

A. Application
Application for a Building Permit shall be made in writing to the Codes Enforcer on forms provided for that purpose. *All applications for Building Permits shall be accompanied by a plan or a plat in duplicate, drawn to scale, and showing the following:*
1. The actual shape, location, and dimensions of the lot to be built upon.
2. The shape, size, and location of all buildings or other structures to be erected, altered, or moved and of buildings or other structures already on the lot and the elevation of the building site.
3. The existing and intended use of all such buildings or other structures.
4. Location and design of off-street parking areas and off-street loading areas, and such other information concerning the lot or adjoining lots as may be essential for determining whether the provisions of this ordinance are being observed.
. . . .
C. Issuance of Permit
If the proposed excavation, construction, moving, or alteration as set forth in the application is in conformity with the provisions of this ordinance, the Codes Enforcer shall issue a Building Permit for such excavation or construction. If an application for a building permit is not approved, the Codes Enforcer shall state in writing on the application the cause for such disapproval. *Issuance of a permit shall in no case be construed as waiving of any provisions of this ordinance.*

(Emphasis added). Section 3.110 of the Ordinance, which governs site plan requirements, states that "applicants for building permits must submit scale drawings, according to the particular types of development proposals, to the La Vergne Municipal

- 4 -

Planning Commission, in accordance with the following procedures." The provisions of Section 3.110 then set forth detailed requirements for site plans.

These sections of the Ordinance provide that a site plan is a prerequisite to the issuance of a building permit. Thus, Plaintiffs were required to submit and have approved by the planning commission a site plan for their proposed construction prior to the City's issuance of a building permit.[1] We agree with the trial court's conclusion that the City's codes department erred in issuing a building permit to Plaintiffs before they had submitted a site plan and received approval from the planning commission.

The trial court did not abuse its discretion in determining that Plaintiffs had no valid building permit and, therefore, no vested rights.

II.     Equitable estoppel.

Plaintiffs further argue that the trial court erred in failing to hold that the City was equitably estopped from prohibiting their continued use of their property as a car lot. The trial court rejected their equitable estoppel claim because it was based upon the oral statements of City officials.[2]

In Tennessee, "the doctrine of estoppel generally does not apply to the acts of public officials or public agencies." *Bledsoe Cnty. v. McReynolds*, 703 S.W.2d 123, 124 (Tenn. 1985). The doctrine can be invoked against public authorities only in "very exceptional circumstances," *id.*, which usually exist "because the city has accepted the benefits of an act it induced another to perform, or because the city induced a detrimental act of another." *City of Lebanon v. Baird*, 756 S.W.2d 236, 242 (Tenn. 1988) (citations omitted). This court has also set forth the following principles:

> The principle is well established that where both parties have the same means of ascertaining the true facts there can be no estoppel.
>
> "It is essential, as a general rule, to the application of the principle of equitable estoppel, that the party claiming to have been influenced by the conduct or declarations of another to his injury, was himself not only destitute of knowledge of the state of the facts, but was also destitute of any convenient and available means of acquiring such knowledge, and that

---

[1] As the Director of Codes, Randolph Salyers, stated at the hearing before the BZA, the codes department cannot authorize a change in use of property by issuing a building permit.

[2] Plaintiffs allege that city officials told them or led them to believe that they did not need a site plan. The City asserts that its employees explained to Plaintiffs that the building permit approval was only one step in the process and that approval of a site plan by the planning commission would likely be necessary.

*where the facts are known to both parties, or both have the same means of ascertaining the truth, there can be no estoppel.*"

*Haymon v. City of Chattanooga*, 513 S.W.2d 185, 188-89 (Tenn. Ct. App. 1973) (quoting *Crabtree v. Bank*, 67 S.W. 797, 799-800 (Tenn. 1902)) (internal citations omitted) (emphasis added).

As discussed above, the Ordinance required Plaintiffs to obtain site plan approval from the city planning commission prior to obtaining a building permit. Plaintiffs had full access to the provisions of the Ordinance. The benefits of equitable estoppel are not generally available "where the facts are known to both parties, or both have the same means of ascertaining the truth." *Haymon*, 513 S.W.2d at 189. The facts of this case are similar to those in the *Far Tower* case, where the property owners' sublessee obtained a building permit from the county and began preparations for constructing a cellular telecommunications tower. *Far Tower*, 126 S.W.3d at 53. After county officials assured the sublessee it could go ahead and build, the sublessee received a stop work order from the county based upon the sublessee's failure to obtain a certificate of appropriateness ("COA") from the Tennessee Technology Corridor Development Authority ("the Authority"), a prerequisite to issuance of a building permit. *Id.* This court found that the building permit was invalid and that the sublessee had no vested property right. *Id.* at 66. Addressing the sublessee's equitable estoppel argument, this court noted that both sides "had access to the Tech Act and the Knox County Zoning Ordinance" and concluded that there was no reason to depart from the general rule that equitable estoppel "'does not apply to acts of public authorities.'" *Id.* at 68-69 (quoting *Haymon*, 513 S.W.2d at 189).

Furthermore, as emphasized by the trial court, "[c]ourts have refused to recognize estoppel in favor of 'one who expends money or creates liability in reliance upon oral statements of administrative officials.'" *Capps*, 2008 WL 5427972, at *13 (quoting *Westchester Co., LLC v. Metro. Gov't of Nashville & Davidson Cnty.*, No. M2004-02391-COA-R3-CV, 2005 WL 3487804, at *4 (Tenn. Ct. App. Dec. 20, 2005)); *see also Corlew's Auto Salvage, Inc. v. Murfreesboro Bd. of Zoning Appeals*, No. 89-38-II, 1989 WL 54913, at *7 (Tenn. Ct. App. May 24, 1989). In *Capps*, the metropolitan government's ("Metro's") department of codes administration issued a building permit to the plaintiffs, who commenced construction on an adult entertainment business. *Capps*, 2008 WL 5427972, at *1. A local rescue mission claiming status as a church filed an appeal to the board of zoning appeals challenging the issuance of the building permit under an ordinance prohibiting adult entertainment establishments within 500 feet of churches. *Id.* The board overturned Metro's decision to issue the permit. *Id.* at *4. Although the chancery court reversed the board's decision, this court agreed with the board, concluding that Metro erred in issuing a building permit to the plaintiffs. *Id.* at *11-13. On appeal, the plaintiffs argued that Metro was equitably estopped from revoking the permit because they relied on statements by Metro employees. *Id.* at *13. The court rejected the plaintiffs' equitable estoppel argument based upon their reliance on

the "'oral statements of administrative officials.'" *Id.* (quoting *Westchester Co., LLC*, 2005 WL 3487804, at *4). In the present case, as in *Capps*, Plaintiffs relied upon oral statements made by the codes department officials, who erroneously issued a building permit to them.

Plaintiffs attempt to distinguish this case from *Corlew's Auto Salvage*, 1989 WL 54913, at *1, based upon the fact that the plaintiff in *Corlew's* was denied a building permit. The denial of the permit was not, however, the basis upon which the court in *Corlew's* rejected the equitable estoppel argument. The plaintiff in *Corlew's* argued on appeal that the board of zoning appeals should be estopped from denying it a building permit based upon the actions of city officials in assuring it that its project would be approved. *Corlew*, 1989 WL 54913, at *6. In rejecting this argument, the court noted that a case cited by the plaintiff did "not recognize estoppel in favor of one who expends money or creates liability in reliance upon oral statements of administrative officials." *Id.* at *7.

Plaintiffs also argue that the City took affirmative actions and omissions upon which the plaintiffs reasonably relied to their detriment—namely, (1) failure to indicate the need for planning commission approval on the building permit application; (2) issuance of a building permit; (3) issuance of a zoning confirmation letter to the tenant; and (4) failure to notify them of the need for a site plan for nearly a year "after it knew or should have known of the procedural error." In cases in which equitable estoppel has been applied against a public entity, "'the public body took affirmative action that clearly induced a private party to act to his or her detriment, as distinguished from silence, non-action or acquiescence.'" *CBS Outdoor, Inc. v. Tenn. Dep't of Transp.*, No. M2014-01677-COA-R3-CV, 2015 WL 6859784, at *7 (Tenn. Ct. App. Nov. 6, 2015) (quoting *Bledsoe Cnty.*, 703 S.W.2d at 125). Thus, item (1) and item (4), which are omissions rather than affirmative acts, cannot form the basis for an estoppel claim.

As to Plaintiffs' assertions concerning approval of the building permit, we have already discussed that Plaintiffs had equal access to the Ordinance, which provides that a site plan and approval by the planning commission are required prior to receiving a building permit. Thus, Plaintiffs' reliance on issuance of the building permit as authorizing a change of use from a car wash to a car lot was not reasonable.

Plaintiffs cite *Greenwood v. City of Lebanon*, No. M2016-01168-COA-R3-CV, 2017 WL 1404385 (Tenn. Ct. App. Apr. 19, 2017), in support of their estoppel argument. In *Greenwood*, which is a breach of contract case, this court affirmed the trial court's decision that the city's contract with insurance brokers was *ultra vires* (because it had not been approved by the city council and signed by the mayor in accordance with the city charter) but that the city "should be equitably estopped from denying the validity of the agreement." *Greenwood*, 2017 WL 1404385, at *1-2. On a motion for summary judgment, the plaintiffs presented affidavit evidence concerning the city's misrepresentations about council approval, and the city offered no contrary evidence. *Id.*

- 7 -

at *8-9. Moreover, the evidence showed that "the City retained the benefit of the plaintiffs' services but refused to pay for those services through the end of the contract period." *Id.* at *9. The present case is not a contract action, and the City has not accepted any benefits as a result of the issuance of the building permit.

Plaintiffs' reliance on the zoning confirmation letter is misplaced because the City sent that letter to Plaintiffs' tenant, not to Plaintiffs. The City sent the letter after Plaintiffs had completed construction pursuant to the building permit and entered into a lease with their tenants; thus, Plaintiffs did not rely on this letter to their detriment. Moreover, the zoning confirmation letter served only to confirm the zoning of the property, not the proper use of the property. The letter specifically states that changes to land use may require site approval by the planning commission. Plaintiffs' arguments concerning affirmative actions by the City fail.

In summary, the City issued an invalid building permit to Plaintiffs and they relied on statements from City officials that they did not need to seek approval for a site plan before the planning commission. They had equal access to the Ordinance provisions requiring site approval prior to obtaining a building permit. Plaintiffs' equitable estoppel argument is without merit.

CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellants, Mitchell Whitson and Forrest Jennings, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE