IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Submitted on Briefs July 20, 2010

## GEORGE CAMPBELL, JR.
v.
## TENNESSEE DEPARTMENT OF CORRECTION; REUBEN HODGE, ASSISTANT COMMISSIONER; CAROLYN JORDAN; CHERRY LINDAMOOD, WARDEN; STEPHEN PAYNE; GREGORY B. PONDS; AND SARAH DELTEDESCO

**Appeal from the Chancery Court for Wayne County**
**No. 2009-cv-4600     Stella L. Hargrove, Judge (by interchange)[1]**

_____

**No. M2009-02218-COA-R3-CV - Filed September 21, 2010**

_____

This appeal involves a petition for writ of certiorari filed by a prisoner seeking review of a disciplinary conviction. The respondents did not oppose the issuance of the writ, and a certified copy of the record of the disciplinary proceedings was filed with the trial court. The respondents filed a motion for judgment on the record. After review of the parties' briefs and the administrative record, the trial court granted the respondents' motion for judgment on the record. The petitioner inmate appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Petitioner/Appellant George Campbell, Jr., Clifton, Tennessee, *pro se*

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, and Kellena Baker, Nashville, Tennessee, for the Respondents/Appellees, Tennessee Department of Correction, et al.

_____

[1] This matter was filed in the Chancery Court of Wayne County, Tennessee, and adjudicated by the Honorable Stella L. Hargrove, Judge of the Circuit Court of Wayne County. The record is unclear, but we presume Judge Hargrove was sitting by interchange on this matter.

## MEMORANDUM OPINION[2]

### FACTS AND PROCEDURAL HISTORY

Petitioner/Appellant George Campbell, Jr. ("Mr. Campbell"), is an inmate in the custody of Respondent/Appellee the Tennessee Department of Correction ("TDOC"). TDOC contracted with the Corrections Corporation of America ("CCA") to operate the South Central Correctional Facility ("South Central") in Clifton, Wayne County, Tennessee. At all pertinent times, Mr. Campbell has been housed at South Central. Inmate disciplinary matters at South Central are handled pursuant to TDOC's Uniform Disciplinary Procedures.[3]

On February 11, 2009, South Central mail clerk Respondent/Appellee Sara Deltedesco[4] ("Officer Deltedesco") received an envelope addressed to Mr. Campbell. Officer Deltedesco believed the envelope looked suspicious, so she alerted her supervisors. CCA employee Lieutenant Huffman[5] escorted Mr. Campbell to the mail room, where Mr. Campbell was directed to sign the mail room log book for receipt of his mail, including the envelope in question. There is some dispute about whether Mr. Campbell signed the mail room log book. At any rate, the envelope was opened and determined to contain tobacco, which is considered contraband.

---

[2]**Rule 10.  Memorandum Opinion**

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. R. App. P. 10.

[3]Under Tennessee Code Annotated § 41-24-110, a contract for correctional services may not delegate the authority of the TDOC Commissioner to take disciplinary actions against inmates. T.C.A. § 41-24-110(5) (2006). Consequently, the TDOC's Uniform Disciplinary Procedures provide for the appointment of a liaison between the Department and a privately managed prison facility to review and approve or modify recommendations of the facility's employee-staffed disciplinary board. *See Mandela v. Campbell*, 978 S.W.2d 531, 532-33 (Tenn. 1998). The Uniform Disciplinary Procedures refer to this liaison as the "Commissioner's Designee." *Id.* at 532.

[4]Officer Deltedesco is at times referred to as "Sara Hisle" in the appellate record.

[5]The record does not reveal Lieutenant Huffman's first name.

The next day, Mr. Campbell was served with a disciplinary report charging him with possession of tobacco, a Class B disciplinary infraction.[6] A hearing before the TDOC Disciplinary Board was scheduled and then continued four times. The first continuance was at Mr. Campbell's request, to prepare his defense of the charge. The Board chairperson and hearing officer, Respondent/Appellee Stephen Payne ("Payne"), continued the hearing three times, twice due to scheduling conflicts and once because of Officer Deltedesco's absence.

On March 13, 2009, the Board conducted a hearing on the charge against Mr. Campbell. Mr. Campbell was represented at the hearing by an inmate advisor. Officer Deltedesco and Lieutenant Huffman testified, and Mr. Campbell's advisor questioned both. Officer Deltedesco said that Mr. Campbell signed for the envelope containing the tobacco, while Mr. Campbell maintained that he did not. A photograph of the tobacco and the envelope addressed to Mr. Campbell containing the tobacco were introduced into evidence at the hearing.

After considering the evidence and the testimony, the Board found Mr. Campbell guilty of the offense. As punishment for the infraction, the Board recommended that Mr. Campbell receive a four dollar fine and five days of probation with the sentence suspended. Five days later, the Commissioner's Designee, Respondent/Appellee Carolyn Jordan, reviewed and approved the Board's recommendation.

Mr. Campbell appealed the conviction on the disciplinary infraction to South Central's Warden, Respondent/Appellee Cherry Lindamood, who concurred in the decision. Mr. Campbell then appealed to TDOC Assistant Commissioner, Respondent/Appellee Reuben Hodge, who likewise affirmed the conviction on April 2, 2009.

On May 18, 2009, Mr. Campbell filed the instant petition for a common law writ of certiorari, *pro se*, seeking judicial review of his disciplinary offense conviction. TDOC was named as Respondent. Also named as Respondents were Assistant Commissioner Hodge, Commissioner's Designee Jordan, Warden Lindamood, Disciplinary Board Chairperson Payne, Officer Deltedesco, and shift-supervisor Officer Gregory Ponds.

In the petition, Mr. Campbell alleged substantial, prejudicial deviations from TDOC policies and procedures. Mr. Campbell's petition alleged that (1) the Commissioner's Designee did not observe or review his disciplinary hearing, as required; (2) his disciplinary hearing was continued three times by the hearing officer, who lacked the authority to grant such a

---

[6]Apparently, Mr. Campbell did not take physical possession of the envelope containing tobacco. Rather, it was alleged that he came into "possession" of the envelope within the meaning of TDOC policies by signing for it in the mail room log book.

continuance; (3) his disciplinary proceedings were not fair and impartial because he was denied an opportunity to view the evidence presented against him; (4) he was denied the right to call Lt. Huffman as a witness; (5) the disciplinary report failed to adequately state an offense; (6) the mailed envelope was opened without his being present; and (7) the mail was not properly returned to sender under TDOC policy.

In July 2009, the Respondents filed a notice that they did not oppose the granting of the petition. Consequently, the trial court entered an order granting the petition for a writ of certiorari, and directing the Respondents to prepare, certify, and file with the trial court the record of Mr. Campbell's disciplinary proceedings. The record was then filed with the trial court.

Subsequently, TDOC moved for dismissal of Respondents Lindamood, Ponds, Payne, and Deltedesco on the basis that these individuals were employed by Corrections Corporation of America, not TDOC. On August 6, 2009, the trial court granted the motion, and the order of dismissal was certified as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.

After the certified record of Mr. Campbell's disciplinary proceedings was filed, TDOC filed a motion for judgment on the record. Mr. Campbell filed a motion seeking an extension of time to respond to TDOC's motion for judgment on the record. This motion was not granted.

The trial court granted TDOC's motion for judgment on the record. The trial court found that the disciplinary hearing officer was presented with sufficient evidence to find Mr. Campbell guilty of the offense, that Mr. Campbell was provided with a fair and impartial hearing because he was given the opportunity to testify on his own behalf and to present a defense, and that Mr. Campbell was not denied the right to present the testimony of Lt. Huffman, who was present at the hearing. The trial court also determined that there were no violations of TDOC policy because Mr. Campbell was not prevented from viewing the adverse documentary evidence that was presented at the hearing. Additionally, the trial court found that the continuances of the hearing were in compliance with TDOC policy and that the Commissioner's designee was not required to observe the hearing. Finally, the trial court found that Mr. Campbell's petition failed to state a due process claim because his punishment did not implicate minimal due process requirements.

Mr. Campbell now appeals.

**ISSUES ON APPEAL AND STANDARD OF REVIEW**

On appeal, Mr. Campbell asserts that (1) the trial court erred in dismissing his writ of certiorari; (2) the Board's decision is without evidentiary support; (3) the record indicates that the Board acted illegally, fraudulently, arbitrarily, and beyond the scope of its jurisdiction, and that the Board violated TDOC disciplinary procedures; (4) the trial court erred in finding that Mr. Campbell's punishment consisted only of a $4.00 fine and five days' probation/suspended sentence; and (5) the trial court erred in dismissing Corrections Corporation of America employees Lindamood, Payne, Ponds, and Deltedesco from the lawsuit.

The common-law writ of certiorari is the proper procedural vehicle through which a prisoner may seek review of the decision of the Disciplinary Board. *See Willis v. TDOC*, 113 S.W.3d 706, 712 (Tenn. 2003). The issuance of the writ, however, is not an adjudication of anything; it is simply an order to the administrative tribunal to file the complete record of its proceedings with the trial court, so that the trial court can determine whether the petitioner is entitled to relief. *Keen v. TDOC*, No. M2007-00632-COA-R3-CV, 2008 WL 539059, at *2 (Tenn. Ct. App. Feb.25, 2008) (citing *Hawkins v. TDOC*, 127 S.W.3d 749, 757 (Tenn. Ct. App. 2002); *Hall v. McLesky*, 83 S.W.3d 752, 757 (Tenn. Ct. App. 2001)). Once the administrative record has been filed, "the reviewing court may proceed to determine whether the petitioner is entitled to relief without any further motions, and if the court chooses, without a hearing." *Jackson v. TDOC*, No. W2005-02240-COA-R3-CV, 2006 WL 1547859, at *3 (Tenn. Ct. App. June 8, 2006) (citing *Jeffries v. TDOC*, 108 S.W.3d 862, 868 (Tenn. Ct. App. 2002)).

The grounds for relief under a writ of certiorari are quite limited. Review is limited to whether "the inferior board or tribunal (1) has exceeded its jurisdiction, or (2) has acted illegally arbitrarily, or fraudulently." *State ex rel. Moore & Associates, Inc. v. West*, 246 S.W.3d 569, 574 (Tenn. Ct. App. 2005) (citing *Petition of Grant*, 987 S.W.3d 842, 844-45 (Tenn. 1996). The reviewing court "may not (1) inquire into the intrinsic correctness of the lower tribunal's decision, (2) reweigh the evidence, or (3) substitute its judgment for that of the lower tribunal." *Keen*, 2008 WL 539059, at *2; *see also Arnold v. Tenn. Bd. of Paroles*, 956 S.W.2d 478, 480 (Tenn. 1997); *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994). Thus, a trial court's scope of review under the writ of certiorari does not involve an inquiry into the intrinsic correctness of the decision reached by the administrative tribunal, but only the manner in which the decision was reached. *Meeks v. TDOC*, No. M2007-01116-COA-R3-CV, 2008 WL 2078054 (Tenn. Ct. App. May 15, 2008); *Keen*, 2008 WL 539059, at *2. Accordingly, "[a]bsent a showing of some illegality or arbitrariness in the proceedings, a dispute over the outcome of a prison disciplinary hearing does not state a claim for writ of certiorari." *Meeks v. Traughber*, No.

M2003-02077-COA-R3-CV, 2005 WL 280746, *3 (Tenn. Ct. App. Feb.4, 2005). The reviewing court also looks to whether the record contains any material evidence to support the Board's findings. Jackson, 2006 WL 1547859, at *3 (citing **Watts v. Civil Serv. Bd. of Columbia**, 606 S.W.2d 274, 276-77 (Tenn. 1980)). The common law writ of certiorari has been used to remedy (1) fundamentally illegal rulings; (2) proceedings inconsistent with essential legal requirements; (3) proceedings that effectively deny a party his day in court; (4) decisions beyond the authority of the lower tribunal; and (5) plain and palpable abuses of discretion. **Willis**, 113 S.W.3d at 712 (citing **State v. Willoughby**, 594 S.W.2d 388, 392 (Tenn. 1980)).

## ANALYSIS

At Mr. Campbell's disciplinary hearing before the Board, it was undisputed that an envelope containing contraband, namely tobacco, was mailed to the prison facility, and addressed to Mr. Campbell. The factual dispute at the hearing was whether Mr. Campbell came into "possession" of the envelope within the meaning of TDOC policy by signing for the envelope in the mail room log book. Mr. Campbell maintained that he did not. The mail room clerk, Officer Deltedesco, testified that Mr. Campbell signed the log book. The mail room log book itself was not entered into evidence at the hearing.

At the outset, Mr. Campbell asserts that the decision by the Board is unsupported by material evidence, because the mail room log book he allegedly signed was not entered into evidence and he was not allowed to review it. However, he cites no TDOC policies or other authority entitling him to see documents not entered into evidence, or requiring that the log book be entered into evidence. Disciplinary reporting official Officer Deltedesco testified at Mr. Campbell's disciplinary hearing that Mr. Campbell signed for the package containing four envelopes of tobacco. Clearly the Board found Officer Deltedesco's testimony to be credible. It is the function of the prison disciplinary board in the first instance to evaluate the credibility of the witnesses who appear at the hearing. **State v. Brazelton**, No. M1999-02477-CCA-R3-CD, 2000 WL 1717560, at *3 (Tenn. Ct. App. 2000) (citing **State v. Prueh**, 788 S.W.2d 559, 561). A court reviewing such a board's decision must defer to the board's determinations on the witnesses' credibility. **Id.**

Additionally, TDOC entered into evidence photographs of the tobacco and the envelope containing the tobacco, addressed to Mr. Campbell. Only "some evidence" is required to uphold a disciplinary conviction. **Perry v. Campbell**, 2001 WL 46988 at *3 (Tenn. Ct. App. 2001). The reviewing court looks to whether the record contains material evidence to support the Board's findings. **Jackson**, 2006 WL 1547859, at *3 (citing **Watts**, 606 S.W.2d at 276-77). The testimony provided by Officer Deltedesco, the photographs of the tobacco,

and the envelope addressed to Mr. Campbell, taken altogether, clearly constitute material evidence to support the Board's findings.

Mr. Campbell additionally claims that he was denied the right to present testimony from a witness. Specifically, Mr. Campbell asserts that his request to have Lt. Huffman present as a witness at the hearing was denied. In response, TDOC asserts that its policy requires an inmate to file a witness request with the disciplinary board hearing officer at least twenty-four hours before the hearing, and that Mr. Campbell failed to do so. Regardless, Lt. Huffman was in fact present and testified at Mr. Campbell's disciplinary hearing. Therefore, TDOC's handling of any witness request that may have been made by Mr. Campbell had no bearing on his ability to present Lt. Huffman's testimony. Although Mr. Campbell asserts that TDOC falsified records regarding Lt. Huffman's testimony, he points to nothing in the record to support his assertion. Accordingly, this issue is without merit.

Mr. Campbell also asserts that the continuances of his hearing violated TDOC policy; he claims that only the Warden or the Commissioner's Designee may request such a continuance. In response, TDOC points to its policy permitting the following parties to request a continuance of a disciplinary hearing: the inmate himself, the inmate/staff advisor, the reporting employee, and the warden/designee/Commissioner's designee at a privately managed facility.[7] The policy also states that "at any time during the formal disciplinary process, the disciplinary hearing officer . . . may order that the hearing be continued." Mr. Campbell's hearing was continued a total of four times — once by him in order to prepare his defense, and three times by the disciplinary board chairperson/ hearing officer. This was in accordance with TDOC policy. This issue is also without merit.

Mr. Campbell argues that the Board's hearing was conducted illegally because the Commissioner's Designee was required to observe the hearing, rather than simply review the recommendation of the Board. As noted above, under Tennessee Code Annotated § 41-24-110, the TDOC Commissioner's authority to discipline inmates may not be delegated to a

---

[7]TDOC Policy 502.01(J)(1) provides:

Any or all of the following parties may request a continuance of the SCHEDULED hearing:

a. Inmate who is the subject of the hearing
b. Inmate/staff advisor
c. Reporting employee
d. Warden/designee/CD at privately managed facility

private contractor for correctional services.[8] Pursuant to this statute, TDOC policies provide as follows:

> At privately managed facilities, the Commissioner's designee shall observe all Class A disciplinary hearings and all Class B hearings where good conduct credits may potentially be lost and approve and/or modify recommendations at this time. The Commissioner's designee shall review and approve or modify recommendations of the disciplinary hearing officer for Class B or C infractions upon completion of the hearing and before sanctions are imposed.

TDOC Policy #502.01(VI)(L)(3). Mr. Campbell appears to acknowledge that the Commissioner's Designee is not required to be present unless "good conduct credits may potentially be lost" as a result of his conviction of the disciplinary offense. However, in a related issue, Mr. Campbell insists that the punishment imposed on him for his infraction included raising his custody level from minimum restrictions to medium restrictions, and that this in fact affects his good conduct credits. Consequently, he argues, the Commissioner's Designee was required to be present at his hearing.

We have thoroughly reviewed the record on appeal. The administrative record that is the subject of this appeal states clearly that the punishment assessed against Mr. Campbell for his offense was a $4.00 fine and five days probation/suspension. No more and no less. The only mention of the additional punishment asserted by Mr. Campbell is in his pleadings. Accordingly, we must reject this issue on appeal as well.

Finally, Mr. Campbell claims that the trial court erred in dismissing the Corrections Corporation of America employees Cherry Lindamood, Stephen Payne, Gregory Ponds, and Sara Deltedesco. The dismissal of these employees from the lawsuit is not an issue properly before the Court. The trial court issued the amended order granting the motion to dismiss

---

[8]The statute provides:

> Powers and duties not delegable to contractor. – No contract for correctional services shall authorize, allow or imply a delegation of the authority or responsibility of the commissioner to a prison contractor for any of the following:
>
> * * * *
>
> (5) Granting, denying or revoking sentence credits; placing an inmate under less restrictive custody or more restrictive custody; or taking any disciplinary actions.

TENN. CODE ANN. § 41-24-110(5) (2010).

filed by Lindamood, Payne, Ponds and Deltedesco on August 19, 2009, that was made final and appealable under Rule 54.02 of the Tennessee Rules of Civil Procedure. Under Tennessee Rule of Appellate Procedure 4(a), any notice of appeal "...shall be filed with and received by the clerk of the trial court within 30 days after the date of the entry of the judgment appealed from." TENN. R. APP. P. 4. Mr. Campbell filed no such appeal. Therefore, this issue may not be raised in this appeal.

## CONCLUSION

The decision of the trial court is affirmed. Costs on appeal are to be taxed to Appellant George Campbell, Jr., for which execution may issue, if necessary.


_____
HOLLY M. KIRBY, JUDGE